## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

SUSAN FITZGERALD,                    )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )        CASE NO. CV209-153
                                     )
JANET NAPOLITANO, Secretary          )
United States Department of          )
Homeland Security; FEDERAL           )
LAW ENFORCEMENT TRAINING             )
CENTER; and CONNIE PATRICK,          )
Director of the Federal Law          )
Enforcement Training Center,         )
                                     )
        Defendants.                  )
                                     )
_____)

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2010 SEP -7 PM 2:31
CLERK
SO. DIST. OF GA.

### O R D E R

Before the Court is Defendants' Motion to Dismiss.
(Doc. 7.)  In the Motion, Defendants argue that the Court
lacks subject matter jurisdiction over this case because
Plaintiff has failed to exhaust her administrative
remedies.  (Doc. 7 at 1-2.)  For the following reasons,
Defendants' Motion is **GRANTED** and the **Clerk of Court** is
**DIRECTED** to **close this case.**

### BACKGROUND

In this case, Plaintiff Susan Fitzgerald seeks to
compel her employer, Defendant Federal Law Enforcement
Training Center ("FLETC"), to comply with an order of the
United States Equal Employment Opportunity Commission

("EEOC"). (Doc. 1 at 1.) Defendant Connie Patrick is the Director of FLETC, which is part of United States Department of Homeland Security ("DHS"), an agency of the United States Government headed by Defendant Janet Napolitano. (Id. at 2.)

Beginning in 2002, Plaintiff filed multiple complaints with the EEOC, alleging that Defendant FLETC discriminated against her when it failed to offer any of ten available promotions she applied for between 2002 and 2004. (Id.) In July and November of 2005, Plaintiff presented her failure to promote claims before an EEOC Administrative Law Judge ("ALJ"). (Id. at 3.) In the interim, Defendant FLETC began investigating Plaintiff's written applications for the promotions, ultimately concluding that her applications contained false information. (Id. at 3.) As a result, Defendant FLETC proposed Plaintiff's employment be terminated. (Id. at 2-3.) On November 4, 2005, Plaintiff filed a grievance challenging her termination. (Id. at 3.) Despite the grievance, Defendant FLETC terminated Plaintiff's employment on November 25, 2005. (Id.)

Regarding Plaintiff's failure to promote claims, the ALJ issued a decision on June 12, 2006, ruling that Defendant FLETC had discriminated against Plaintiff on the

2

basis of her age and sex, and in reprisal for earlier complaints to the EEOC. (Id.) After conducting a hearing on the appropriate damages, the ALJ ordered the FLETC "to pay [Plaintiff] the difference between her compensation actually received and the full range of compensation, salary, bonus, rate of pay, etc., that she would have earned if she had been promoted in November of 2002 to the position that was ultimately given to [the selectee]." (Id. at 3 (second alteration in original).) Addressing Plaintiff's pending grievance regarding her termination, the ALJ ruled that if it is "determined that [Plaintiff] was improperly terminated from her employment, [Plaintiff] shall receive an extension of her enhanced back pay until she is returned to the workplace." (Id. at 4.)

In October and November of 2006, arbitration hearings were held on Plaintiff's grievance for wrongful termination. (Id. at 3.) Meanwhile, unhappy with Defendants' implementation of the ALJ's June 12, 2006 order, Plaintiff filed a Petition for Enforcement with the EEOC's Office of Federal Operations ("OFO") on February 12, 2007. (Id. at 5.) Then on February 22, 2007, the arbitrator upheld Plaintiff's termination by Defendant FLETC. (Id.) In response, Plaintiff filed a Petition for Review to the United States Merit Systems Protection Board

3

("MSPB"), seeking to overturn the arbitrator's decision. (Id.) On January 29, 2008, the MSPB reversed the arbitrator's decision, finding that Defendant FLETC improperly removed Plaintiff in retaliation for her filing complaints with the EEOC. (Id. at 5-6.) The MSPB ordered that Plaintiff's employment be reinstated, retroactive to November 25, 2005. (Id. at 6.) As a result, Defendants were now liable under the ALJ's September 11, 2006 order for "an extension of [Plaintiff's] back pay from November 25, 2005 . . . until February 17, 2008," the date she was reinstated by Defendant FLECT. (Id.)

On July 2, 2009, the OFO issued its ruling on Plaintiff's February 12, 2007 Petition for Enforcement. (Id.) In its ruling, the OFO determined that Defendants had complied with part of the ALJ's order (id., Ex. A at 5), but found that "there [was] insufficient information in the record to determine whether the agency provided [Plaintiff] with the appropriate back pay award" (id., Ex. A at 4). As a result, the OFO directed Defendants "to recalculate [Plaintiff's] back pay pursuant to the guidance set forth in this decision, and to provide a detailed explanation as to how [Plaintiff's] back pay award was reached." (Id., Ex. A at 5.) On September 2, 2009, Defendants issued, as directed by the OFO, their "Initial

4

Implementation of Commission's Decision." (Id. at 7.) In the implementation, Defendants outlined the procedure they used to calculate Plaintiff's back pay from 2002 to November 25, 2005, the date she was wrongfully terminated. (Id., Ex. B.) Defendants did not provide details concerning the enhanced back pay award stemming from Plaintiff's wrongful termination. (See id.)

On October 5, 2009, Plaintiff filed a complaint in this Court, alleging that Defendants failed to comply with the OFO's July 2, 2009 ruling. (Id. at 7.) Specifically, Plaintiff argues that Defendants failed to both calculate and reimburse her the amount of money she would have earned from November 24, 2005 to February 17, 2008—the period of her wrongful termination. (Id. at 7-9.) She seeks an order from this Court directing Defendants to perform those actions and fully comply with the OFO's July 2, 2009 ruling. (Id. at 9-10.)

On December 14, 2009, Defendants filed a Motion to Dismiss. (Doc. 7.) In the motion, Defendants argue that this Court lacks subject matter jurisdiction because Plaintiff has failed to exhaust her administrative remedies when seeking enforcement of the ALJ's order. (Id. at 1-2.) In response, Plaintiff contends that the administrative process regarding her request for enforcement is complete

because the September 29, 2009 implementation was the final agency action. (Doc. 10 at 10.) Based on the completion, Plaintiff avers that she has exhausted her administrative remedies, giving this Court jurisdiction over her complaint. (Id.)

## ANALYSIS

### I. STANDARD OF REVIEW

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court presumes the truth of all factual allegations in the plaintiff's complaint. See Crayton v. Callahan, 120 F.3d 1217, 1220 (11th Cir. 1997); see also Beck v. Deloitte & Touche, 144 F.3d 732, 735 (11th Cir. 1998) ("In evaluating the sufficiency of a complaint, a court 'must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff.' " (quoting St. Joseph's Hosp. Inc. v. Hosp. Corp. of Am., 795 F.2d 948, 954 (11th Cir. 1986))). The Court must construe Plaintiff's allegations liberally because "[t]he issue is not whether [Plaintiff] will ultimately prevail but whether [she] is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (abrogated on other grounds). "While a complaint attacked by a [] motion to dismiss does not need detailed factual allegations, . . . the factual

allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).

In evaluating a motion to dismiss under Rule 12(b)(1), the Court must first determine whether the challenge to subject matter jurisdiction is a facial attack or a factual attack. A facial attack on a complaint "requires the court merely to look and see if [Plaintiff] has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [her] complaint are taken as true for the purposes of the motion." Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980) (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)).[1]

A factual attack, on the other hand, "challenge[s] 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the

---

[1]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

pleadings, such as testimony and affidavits, are considered.' " Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990) (citing Menchaca, 613 F.2d at 511); Se. Bank v. Gold Coast Graphics Grp. Partners, 149 F.R.D. 681, 683-84 (S.D. Fla. 1993); Gilmore v. Hamp Day, 125 F. Supp. 2d 468, 470-71 (M.D. Ala. 2000). Defendants contend, and the Court agrees, that their motion to dismiss is a factual attack on subject matter jurisdiction that does not implicate the merits of Plaintiff's cause of action. Therefore, while the standard for motions to dismiss will govern the Court's analysis, for purposes of notice and response time, the motion is treated as one for summary judgment. Miccosukee Tribe of Indians of Fl. v. United States, 105 F.3d 599, 603 (11th Cir. 1997); Garcia v. Copenhaver, Bell & Assoc., 104 F.3d 1256, 1260 (11th Cir. 1997).

"On a factual attack of subject matter jurisdiction, a court's power to make findings of facts and to weigh the evidence depends on whether the factual attack on jurisdiction also implicates the merits of plaintiff's cause of action." Garcia, 104 F.3d at 1261 (citing Lawrence, 919 F.2d at 1528-29). Here, the merits of Plaintiff's cause of action are not implicated in Defendants' motion to dismiss. Therefore,

the trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction - its very power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

Id. (quoting Lawrence, 919 F.2d at 1529). In light of this standard, the Court will now consider Defendants' argument in favor of dismissal.

II.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendants argue that Plaintiff's complaint should be dismissed because she failed to exhaust her administrative remedies when seeking to enforce the ALJ's June 12, 2006 order. Specifically, Defendants contend that this Court lacks subject matter jurisdiction because neither has Plaintiff obtained an EEOC determination that Defendants are incompliant with the ALJ's order, nor have Defendants failed to submit a required compliance report. (Doc. 7, Attach. 1 at 12.)

A federal employee seeking to enforce a favorable discrimination award against an agency is faced with two options. Perez v. Potter, 2008 WL 2313090, at *3 (S.D. Tex. May 30, 2008) (unpublished). First, the employee may file an administrative action for enforcement of the award

with the EEOC. Id.; 29 C.F.R. § 1614.503(g). Second, the employee can seek to enforce the award by filing a civil suit in federal district court. Scott v. Johanns, 409 F.3d 466, 469 (D.C. Cir. 2005). In this case, Plaintiff brought her request for enforcement straight to the EEOC. (Doc. 1 at 5 ("On February 12, 2007, [Plaintiff] filed a Petition for Enforcement with the EEOC's Office of Federal Operations . . . .").)

When a plaintiff seeks enforcement from the EEOC, one of two prerequisites must be met before a district court obtains jurisdiction to entertain a suit for enforcement. See Malek v. Leavitt, 437 F. Supp. 2d 517, 524-25 (D. Md. 2006). First, a plaintiff can bring a claim in district court if the EEOC has previously determined that the agency has not complied with the terms of a valid award. Tshudy v. Potter, 350 F. Supp. 2d 901, 906 (D.N.M. 2004) (citing Timmons v. White, 314 F.3d 1229, 1231-32 (10th Cir. 2003)); see 29 C.F.R. 1614.503(g). Second, a plaintiff can file suit in district court if an agency subject to a valid award fails to submit a required compliance report. Adcock v. Roche, 2006 WL 1285045, at *6 (M.D. Ga. May 5, 2006) (unpublished); see 29 C.F.R. § 1614.503(g). This issue commonly arises where a plaintiff seeks enforcement from the district court after the EEOC has determined that the

agency complied with the award.  Unhappy with the EEOC's

determination, these plaintiffs often turn to federal court

for relief.   Courts make clear, however, that under these

circumstances a plaintiff cannot bring suit in district

court because the EEOC has made an affirmative finding that

the agency is in compliance.   See Timmons, 314 F.3d at

1232; Adcock, 2006 WL 1285045, at *7; Tshudy, 350 F. Supp.

2d at 906; Puckett v. Potter, 342 F. Supp. 2d 1056, 1063-64

(M.D. Ala. 2004); Daly v. Runyon, 1996 WL 754112, at *3

(N.D. Ill. Dec. 31, 1996) (unpublished).

That, however, is not the factual scenario presented

by this case.   Here, the EEOC has concluded neither that

the agency was compliant nor that the agency was

incompliant.   According to the July 2, 2009 ruling by the

OFO, "there [was] insufficient information in the record to

determine whether the agency provided [Plaintiff] with the

appropriate back pay award."   (Doc. 1, Ex. A at 4.)   That

is, the issue of Defendants' compliance was left

unanswered.   However, this Court sees little distinction in

this difference.   It is not the affirmative finding of

compliance that is dispositive to this inquiry.   Rather, it

is the affirmative finding of non-compliance that triggers

a plaintiff's ability to bring suit in district court.   See

Timmons, 314 F.3d at 1232 ("Obviously, if [plaintiff's]

action constituted an enforcement action, the lack of an EEOC determination of non-compliance . . . is a prerequisite to such a suit . . . ."); Tshudy, 350 F. Supp. 2d at 906 ("In order for this Court to have jurisdiction over [p]laintiff's enforcement action, there must have been an EEOC determination of non-compliance."); Daly, 1996 WL 754112, at *3 ("It is only when the EEOC determines that an agency has failed to comply with an EEOC ruling, that a plaintiff may seek his right of judicial review [under] 29 C.F.R. § 1614(g)."). In this case, the Court concludes that Plaintiff has failed to establish that the EEOC has found Defendants non-compliant with the terms of the June 12, 2006 ALJ order. There is no allegation in either Plaintiff's complaint or her responses to the motion to dismiss that indicate that the EEOC has determined that Defendants have been non-compliant. Rather, the EEOC determined that it was unable to resolve the issue of Defendants' compliance based on the contents of the record and ordered Defendants to provide additional documentation concerning their calculation of Plaintiff's back pay. (Doc. 1, Ex. A at 4-6.) Therefore, the Court finds that Plaintiff has not established this prerequisite to filing suit.

Having failed to show an EEOC finding of non-compliance, Plaintiff may still bring her claim in this Court if Defendants "failed or refused to submit any required report of compliance." 29 C.F.R. § 1614.503(g). In the OFO's July 2, 2009 order, Defendants were directed to submit a compliance report within thirty days of completing their corrective action. (Doc. 1, Ex. A at 6.) In response, Defendants submitted their Initial Implementation of Commission's Decision on September 2, 2009. (Id., Ex. B.) While Plaintiff seems to argue that Defendants failed to submit the required compliance report because the implementation did not address back pay for the period she was wrongfully terminated (Doc. 10 at 12-18), it is clear that Defendants submitted the necessary documentation. Plaintiff's contentions are based on her belief that the implementation is inadequate, not that Defendants failed to submit the appropriate report. Defendants' implementation is not rendered a nullity simply because Plaintiff disagrees with its contents. Therefore, the Court finds that Plaintiff failed to establish this prerequisite to filing suit.

Because Plaintiff has failed to show that she has met either of the two requirement for filing suit, her complaint is due to be dismissed. Insisting that an

13

employee who has petitioned the EEOC for enforcement first obtain a finding of non-compliance prior to filing suit in district court "is a modest means of respecting the EEOC's authority to decide whether, in a given situation, federal court intervention is necessary to enforce agency compliance." Adcock, 2006 WL 1285045, at *7. Furthermore, meeting one of these prerequisites is compelled by the plain language of the regulation.[1] 29 C.F.R. § 1614.503(g).

The Court cannot help but note the actions Plaintiff has alleged that Defendants failed to take appear to not have been covered by the OFO's July 2, 2009 order. In this case, Plaintiff complains that Defendants have not complied with the order because they failed to calculate her back pay for the period she was wrongfully terminated. (Doc. 1 at 9-10 (requesting Defendants to calculate and pay Plaintiff back pay for November 24, 2005 to February 17, 2008). However, the EEOC's July 2, 2009 order was in response to Plaintiff's February 12, 2007 Petition for Enforcement. (Id. at 5.) At the time Plaintiff filed that petition, the only award she could seek to enforce was for

---

[1] "Where the Commission has determined that an agency is not complying with a prior decision, or where an agency has failed or refused to submit any required report of compliance, the Commission shall notify the complainant of the right to file a civil action for enforcement of the decision . . . ." 29 C.F.R. § 1614.503(g).

Defendants' failure to promote, which covered back pay from November of 2002 to her termination. It was not until January 29, 2008, when the MSPB reversed the arbitrator's decision regarding Plaintiff's claim of wrongful termination, that she became entitled to back pay from November 24, 2006 to February 17, 2008. Therefore, when the OFO issued its July 2, 2009 order, it appears that the order only covered Plaintiff's award for failure to promote because that was Plaintiff's only enforceable claim at the time she filed her petition.

Indeed, after a close reading of the OFO's July 2, 2009 order, the Court is left with the distinct impression that it only covers Plaintiff's failure to promote award. The order does not once mention or discuss pay for any period of time past Plaintiff's termination in 2005. Apparently, that was Defendants' impression as well, which would easily explain why they did not provide calculation of or payment for back pay from 2005 to 2008. In any event, this is just one more example of why the EEOC, rather that this Court, should have the first opportunity to determine whether Defendants are compliant with the EEOC's own order. Should the EEOC determine Defendant to

be incompliant, then Plaintiff may seek relief from this Court.[2]

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED** because Plaintiff has failed to exhaust her administrative remedies in seeking to enforce the ALJ's order. Accordingly, the **Clerk of Court** is **DIRECTED** to **close this case**.

SO ORDERED this **7**<sup>th</sup> day of September 2010.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] Plaintiff may argue that she can head straight to federal court to enforce payment for her wrongful termination award because her prior Petition for Enforcement only requested enforcement of the failure to promote award. However, the Court finds this argument unavailing. Both remedial awards are contained in the same ALJ order, even though their liability was determined in separate proceedings. To allow piecemeal litigation of separate portions of the same order in both the administrative and judicial arenas would be a dreadful waste of resources. In this case, Plaintiff chose to seek enforcement of the ALJ order administratively, where she must stay until one of the two requirements in 29 C.F.R. § 1614.503(g) has been met.